# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL VALTINO WATTS, | : | |
| Plaintiff, | : | |
| vs. | : | CA 18-0480-KD-MU |
| MS. REED, et al., | : | |
| Defendants. | | |

## REPORT AND RECOMMENDATION

This prisoner action has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R), for appropriate action. For the reasons stated herein, it is recommended that the Court dismiss this action, with prejudice, based upon Michael Valtino Watts' pattern of willful failure to prosecute this action and failure to comply with the Court's orders dated March 27, 2020 (Doc. 13), May 20, 2020 (Doc. 15), and July 17, 2020 (Doc. 16).

Michael Valtino Watts filed a § 1983 complaint on this Court's form on November 15, 2018 against several Defendants arising out of events that occurred on July 11, 2018 at the Mobile County Metro Jail. (*See* Doc. 1). By Order entered February 3, 2020, this Court granted Plaintiff leave to file an amended complaint, again on this Court's form, in order for Plaintiff to cure the fatal deficiencies in his original complaint. (Doc. 10). In particular, the Court advised Plaintiff that his assertions that the identified Defendants were negligent did not "rise to the level of a constitutional deprivation and therefore do not state a § 1983 claim." (*Id.* at 3). And while Watts did file, timely, an amended complaint

on this Court's form on March 3, 2020 (Doc. 12), by Order dated March 27, 2020, the Court extended to Plaintiff one final opportunity to file an appropriate complaint after placing Watts on notice of numerous deficiencies in his amended complaint. (Doc. 13). Watts was ordered to file his second-amended complaint not later than April 27, 2020 (Doc. 13, at 6), and advised that his "failure to file the second amended complaint within the required time or to notify the Court of a change in address will result in this action's dismissal for failure to prosecute and to obey the Court's Order." (*Id.* at 7; *see also id.* ("The failure [to] file a second amended complaint that complies with the Court's order will also result [in] the dismissal of this action for failure to comply with [the] Court's order.")). Plaintiff requested an extension of time to file his second-amended complaint (Doc. 14) and was granted a generous extension (to July 1, 2020) within which to file his second-amended complaint (Doc. 15 (order dated May 20, 2020)). Plaintiff did not file his second-amended complaint with this Court by July 1, 2020 (*see* Docket Sheet), which provided a sufficient basis for this Court to dismiss Plaintiff's action for failure to prosecute (*compare* Doc. 10 *with* Doc. 13). However, because the incident from which Plaintiff's complaint arises occurred on July 11, 2018 (*see* Doc. 1), the undersigned entered a show cause order on July 17, 2020, instructing Watts "to **SHOW CAUSE,** not later than **July 31, 2020,** why his action should not be **DISMISSED WITH PREJUDICE** due to his failure to file a second-amended complaint which substantively conforms with the Court's previous orders within the time allowed by the Court." (Doc. 16, at 3). To date, this Court has not heard from Mr. Watts.

An action may be dismissed if a plaintiff fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation), *cert. denied,* 549 U.S. 1228, 127 S.Ct. 1300, 167 L.Ed.2d 113 (2007); *Wilson v. Sargent,* 313 F.3d 1315, 1331-32 & n.7 (11th Cir. 2002) (holding that a prisoner's failure to pay the partial filing fee under § 1915 is a basis for dismissal); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'"). In this case, since Plaintiff's claim arose on July 11, 2018 (Doc. 1), more than two years ago, any dismissal of this action would be viewed as a dismissal with prejudice because Alabama's two-year statute of limitations likely would bar Plaintiff's prosecution of his federal claims. *Compare Solis v. CitiMortgage, Inc.,* 700 Fed.Appx. 965, 979 (11th Cir. July 7, 2017) ("Where a dismissal has the effect of precluding an appellant from refiling her claim because the statute of limitations has run, the dismissal is 'tantamount to a dismissal with prejudice.'") and *Powell v. Siegal,* 447 Fed.Appx. 92, 93 (11th Cir. Nov. 17, 2011) ("When a complaint is dismissed without prejudice, but a statute of limitations bars a plaintiff from refiling her complaint, we review the dismissal *as though it was with prejudice*."), *cert. denied sub nom. Powell v. Westgate Resorts, Inc.,* 568 U.S. 857, 133 S.Ct. 201, 184 L.Ed.2d 103 (2012) *with McNair v. Allen,* 515 F.3d 1168, 1173 (11th Cir.) ("All constitutional claims brought under § 1983 are tort actions, subject

to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. . . . [Plaintiff's] claim was brought in Alabama, where the governing limitations period is two years. . . . Therefore, in order to have his claim heard, [Plaintiff] was required to bring it within two years from the date the limitations period began to run."), *granting stay sub nom. Callahan v. Allen,* 552 U.S. 1171, 128 S.Ct. 1138, 169 L.Ed.2d 959 (Jan. 31, 2008), *cert. denied,* 553 U.S. 1098, 128 S.Ct. 2914, 171 L.Ed.2d 850 (June 9, 2008) and *Smith v. Shorstein,* 217 Fed.Appx. 877, 881 (11th Cir. Feb. 13, 2007) ("The general federal rule is that a cause of action 'will not accrue, and thereby set the limitations clock running, until the plaintiffs know or should know (1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury.'").

> Dismissal with prejudice under Rule 41(b) is proper only "where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." [*Gratton v. Great American Communications,* 178 F.3d 1373, 1374 (11th Cir. 1999)]. Violations "caused by simple negligence, misunderstanding, or inability to comply" do not constitute "willfulness." *In re Se. Banking Corp.,* 204 F.3d 1322, 1332 (11th Cir. 2000).

*Powell, supra,* 447 Fed.Appx. at 93. And while "the severe sanction of a dismissal . . . is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders[,]" *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1542 (11th Cir.), *cert. denied,* 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993), a district court is not required to first impose lesser sanctions if the lesser sanction would be ineffective, *see id.* at 1544.

Watts has not responded to the Court's Order dated March 27, 2020, instructing him to file an appropriate second-amended complaint, despite being given a generous extension of time (to July 1, 2020) to file his pleading (*compare* Docket Sheet *with* Docs.

4

13 & 15) and despite the warning that any continued failure to file a "compliant" second-amended complaint would result in the dismissal of his action "for failure to prosecute and to obey the Court's Order." (Doc. 13, at 7). In addition, and more troubling, Plaintiff has completely failed to respond to the Court's July 17, 2020 show cause order, which required him to show cause by July 31, 2020, why his action should not be dismissed with prejudice due to his failure to file a second-amended complaint "which substantively conforms with the Court's previous orders within the time allowed by the Court." (*Compare* Doc. 16, at 3 *with* Docket Sheet). Given that Plaintiff has shown the ability to ask for additional time to file a second-amended complaint (*see* Doc. 14), his silence over the course of the last three months constitutes willful contempt of the March 27 and May 20, 2020 Orders, as well as the Order dated July 17, 2020. Therefore, it is recommended that Watts' present action be **DISMISSED WITH PREJUDICE**, pursuant to Fed.R.Civ.P. 41(b), as no lesser sanction short of dismissal would be appropriate given Plaintiff's clear pattern of willful refusal to comply with this Court's lawful orders dated March 27, 2020, May 20, 2020, and July 17, 2020.[1]

---

[1] Mr. Watts' unwillingness to comply with the clear terms of this Court's orders demonstrate that such non-compliance is likely to continue. Moreover, monetary sanctions would be illusory for a *pro se* prisoner Plaintiff, like Mr. Watts, with little means to afford such sanctions and no likely impetus to pay them even if he could afford to pay. Nor, under the circumstances, is it fair to believe that excluding evidence or striking claims would cause Mr. Watts to comply with orders of the court, particularly when it is unclear to the undersigned, at present, whether Mr. Watts can state any viable federal claims against the named defendants (*see* Docs. 11 & 13). And staying further proceedings in this case until the orders are obeyed will only reward Plaintiff's defiance of his litigation obligations while at the same time prejudicing the Defendants' ability to timely litigate this matter to conclusion. Thus, no lesser sanction than dismissal with prejudice will suffice.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 4th day of August, 2020.

                                                        s/P. Bradley Murray
                                          **UNITED STATES MAGISTRATE JUDGE**